UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11910-RGS

JOHN CARTER

v.

FEDERAL MEDICAL CENTER DEVENS AND
JEFF GRONDOLSKY

MEMORANDUM AND ORDER
ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

August 28, 2017

STEARNS, D.J.

I agree with Magistrate Judge Cabell's Report and his adoption of the Fifth Circuit's analysis of the argument raised by Carter here, as well as its conclusion that "there is no necessary inconsistency between line D [of the judgment], the payment schedule following [the Petitioner]'s release, and the apparently standard paragraph requiring payments to be made during imprisonment 'unless expressly ordered otherwise.'" *Hickman v. Keffer*, 498 F. App'x 375, 378 (5th Cir. 2012). Line D of the judgment merely specifies the frequency, duration, and amount of the payments to be made after Carter is released from prison; it says nothing about those being the *sole* payments for which he is responsible. No other aspect of the judgment

"expressly orders" that Carter be relieved of his restitution obligations while he is incarcerated. Indeed, the very size of the restitution amount ordered in Carter's case — some $1.3 million — militates for immediate payments. Otherwise, his entire repayment obligation would amount to only $18,000, despite a fifteen-year prison sentence during which payments could be made.

This consideration by itself overcomes Carter's reliance on *United States v. Merric*, 166 F.3d 406 (1st Cir. 1999), in his objection to the Report. In *Merric*, the First Circuit "held that it is the inherent responsibility of the judge to determine matters of punishment and this includes final authority over all payment matters." *Id.* at 409. Here, the District Judge exercised that responsibility as reflected in line D of the judgment when read with the general savings paragraph, which states that "payment of criminal monetary penalties is due during imprisonment." The savings paragraph likewise specifies that those payments may be made "through the Federal Bureau of Prisons' Inmate Financial Responsibility Program." Therefore, contrary to Carter's argument, the District Judge did not improperly delegate his responsibilities under 18 U.S.C. § 3572(d). *See Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005) (where the sentencing court ordered payment due immediately, "there was no improper delegation" where the "Bureau of Prisons . . . us[ed] the IFRP to collect . . . court-ordered payments"); *United*

*States v. Stewart*, 2015 WL 728498, at *1 & n.3 (D. Me. Feb. 19, 2015) (holding that the savings paragraph, in conjunction with a post-release repayment schedule, satisfies *Bramson* and *Merric*).

The court also views as persuasive Grondolsky's alternative argument that the IFRP is an incentive program designed to encourage prisoners to voluntarily make payments toward their restitution obligations. *See United States v. Lemoine*, 546 F.3d 1042, 1048 (9th Cir. 2008). Although *Lemoine* involved a case in which the sentencing court had specifically mandated participation in the IFRP and a minimum quarterly payment, its holding that "the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP," *id*. at 1050, is just as pertinent here. Manifestly, Carter has "no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide." *Id*. at 1049; *see also* 28 C.F.R. § 545.11(d) (describing the effects of refusal to participate in IFRP); *Bramson*, 136 F. App'x at 381 n.1 (concluding that constitutional challenges to the IFRP lack merit).

For the foregoing reasons, the Magistrate Judge's Recommendation is <u>ADOPTED</u>, Grondolsky's Motion to Dismiss is <u>ALLOWED</u> with prejudice,

and the remaining motions are DENIED AS MOOT.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE